IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIE KIRKSEY, and IESHA ELY,** | |
| Plaintiffs, | |
| v. | CIVIL ACTION **1:23-cv-240** |
| **TOWN OF CHATOM, ALABAMA, and OFFICER CALEB SULLIVAN, individually,** | TRIAL BY JURY REQUESTED |
| Defendants. | |

## COMPLAINT

Come now the Plaintiffs Willie Kirksey and Iesha Ely, and file this Complaint of Unlawful Search and Seizure against the Defendants as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

1. This is a civil rights action in which Plaintiffs, Willie Kirksey and Iesha Ely, husband and wife, seek relief for Defendants' violations, under color of law, of their rights, privileges, and immunities secured by 42 U.S.C § 1983 and the Fourth Amendment to the United States Constitution.

2. This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violations of Plaintiffs' constitutional and civil rights.

3. Plaintiffs' claims for declaratory relief are authorized by 28 U.S.§§ 2201 and 2202 and Rule 57 of the *Federal Rules of Civil Procedure.*

4. Venue is proper in the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district wherein the Plaintiffs reside and where all adverse actions against the Plaintiffs occurred.

5. Plaintiffs demand a trial by jury on each and every one of their claims.

## II.  PARTIES

6. Plaintiffs, WILLIE KIRKSEY and IESHA ELY, are citizens of the United States and are and were at all times relevant to this matter residents of the Town of Chatom, Washington County, Alabama.

7. Defendant, TOWN OF CHATOM, ALABAMA, is an incorporated Alabama municipality that operates and maintains a law enforcement agency as part of its governmental responsibilities.

8. Defendant, CALEB SULLIVAN, was a police officer employed by the Town of Chatom Police Department at all times relevant to the allegations in this complaint, is believed to be a resident and citizen of Alabama and is sued in his individual capacity.

### III.  STATEMENT OF FACTS

9. On or about the morning of February 3, 2023, Defendant Sullivan and other law enforcement officers whose identities are presently unknown, wrongly and unreasonably raided the home and business of Plaintiffs Willie Kirksey and Iesha Ely on allegations that Plaintiffs had fraudulently opened accounts with Merchants Foodservices, a regional commercial food distribution company, using false identities and counterfeit credit card numbers.

10. Defendants alleged they executed the raid of Plaintiffs' home and business based on information provided them by Merchants Foodservices officers Chad Bryant and Andy Mercier that fraudulent merchant accounts had been opened to receive product deliveries at the address of a business owned by Plaintiffs, a local liquor store.

11. The liquor store owned by Plaintiffs, however, was at all times relevant to this matter owned solely in the name of Plaintiff's wife, Iesha Ely.

12. Merchants Foodservices denies implicating either Plaintiff as having opened the fraudulent accounts or otherwise providing Defendants any information to cause Defendants to raid Plaintiffs' home in addition to the liquor store whose address was used to create the fraudulent accounts.

13. On information and belief, Plaintiffs aver that Defendants conducted the raids of Plaintiffs' home and business in the exercise of a vendetta specifically

against Plaintiff Willie Kirksey as a Black resident owning and operating

successful businesses in the Town of Chatom that compete with those owned by

White residents, and in response to Plaintiffs' purchase of prime real estate in the

Town of Chatom, Alabama.

14. In connection with the baseless raids, Defendants confiscated all

electronic devices belonging to the Plaintiffs. Defendants also handcuffed Plaintiff

Ely in the living room of Plaintiffs' home and forced her to lie face down on the

floor as Defendants searched all areas of the home, thereby detaining Plaintiff Ely

without justification or cause and depriving her of personal liberty and freedom of

movement. Plaintiff Kirksey himself was out of town on business on the day of the

raids.

15. At all times relevant herein, the force and threat of force that was used

by the Defendants to enter the Plaintiffs' home, restrain Plaintiff Ely and falsely

imprison her in her own home during the period that the raid was being conducted

was unnecessary, excessive, unlawful, and unreasonable.

16. As a direct and proximate result of the acts and conduct of the

Defendants complained of herein, Plaintiffs have sustained the following injuries

and damages, among others:

a. Emotional and psychological injury, including but not limited to distress,

grief, fright, worry, resentment, shame, despair, embarrassment, anxiety and

4

depression such that Plaintiffs were forced to shut down a trucking business they owned and that was operated by Plaintiff Ely due to her emotional trauma;

b. Accompanying physical symptoms, including but not limited to, sleep disturbance, headaches and extreme nervousness;

c. Physical pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

d. Deprivation of liberty and property; and

e. Medical and pharmaceutical expenses, past and future.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – FOURTH AMENDMENT UNLAWFUL ENTRY, SEARCH AND SEIZURE

17. Plaintiffs incorporates by reference the allegations set forth in the foregoing paragraphs 1-16 as if fully set forth herein.

18. The Defendants' acts and conduct described above, all under color of law, did violate the Plaintiffs' rights to be free from unlawful and unreasonable entry onto and into their premises as well as to be free from unreasonable, excessive and unlawful searches and seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

19. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiffs have sustained the following injuries and damages, among others:

5

a. Physical injury, loss of liberty;

b. Emotional and psychological injury, including but not limited to anxiety and depression, accompanying physical symptoms, including but not limited to, sleep disturbance, headaches and extreme nervousness;

c. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional and psychological distress, past and future; and

d. Medical and pharmaceutical expenses, past and future; and

e. Adverse effects on their business interest having their computers and other electronic devices associated with their businesses removed and unlawfully withheld by the Defendants and/or their agents, servants, and unidentified cohorts.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – FOURTH AMENDMENT
### FALSE ARREST/FALSE IMPRISONMENT

20. Plaintiffs incorporate by reference the allegations set forth in the foregoing paragraphs 1-16 as if fully set forth herein.

21. At all times herein, the Defendants confined and/or caused the confinement of Plaintiff Ely, through force and coercion, involuntarily and against her will. Plaintiff Ely was placed in handcuffs, thereby constituting an arrest of her person without lawful cause or justification. As a part of this coercion, Defendants forced Plaintiff Ely, or caused her to be forced, to remain.

6

22. Once Plaintiff Ely was falsely arrested and imprisoned, thereby depriving her, against her will and without lawful authority, of her personal liberty and freedom of movement, using actual physical force and the threat of force.

23. The Defendants' acts and conduct described above did violate Plaintiff Ely's right to be free from unreasonable, excessive and unlawful seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution. The false imprisonment and other forms of unreasonable seizure of Plaintiff Ely were undertaken by the Defendants in the absence of probable cause so to do.

24. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff Ely has sustained the following injuries and damages, among others:

a. Physical injury, loss of liberty and deprivation of liberty and property;

b. Emotional and psychological injury, including but not limited to anxiety and depression; and,

c. Accompanying physical symptoms, including but not limited to, sleep disturbance, headaches and extreme nervousness.

d. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future; and

e. Medical and pharmaceutical expenses, past and future.

7

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief against Defendants Town of Chatom, Alabama and Caleb Sullivan:

(a) A declaration that Defendants violated the federal rights of Plaintiffs as described above in Counts One and Two;

(b) Compensatory damages for the physical, emotional, and economic injuries suffered by Plaintiffs by reason of Defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;

(c) Punitive and exemplary damages as to Defendant Sullivan to the extent allowable by federal law;

(d) Attorney's fees and costs as allowed, pursuant to 42 U.S.C. §1988; and

(e) Such other and further relief as appears just and proper.

Respectfully Submitted,

*/s/ Ronnie L. Williams*
Williams & Associates, LLC
Attorneys for Plaintiffs
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985 (Tel.)
ron@williams-llc.com