IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE KIRKSEY *and* IESHA ELY,     Plaintiffs, | ) ) ) ) |
| v. | )    CIVIL ACTION NO. 1:23-00240-KD-N ) |
| TOWN OF CHATOM, ALABAMA, *and* CALEB SULLIVAN, *Officer*,     Defendants. | ) ) ) ) |

## ORDER

The Plaintiffs commenced this civil action by filing a complaint with the Court on June 28, 2023. *See* (Doc. 1); Fed. R. Civ. P. 3. On October 20, 2023, the Defendants moved to dismiss the initial complaint under Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 11).[1] In response, the Plaintiffs timely amended their complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) on November 13, 2023. *See* (Doc. 14); Fed. R. Civ. P. 6(a)(1). As a result of the amendment, the Rule 12(b) motion to dismiss is now directed at a pleading that is no longer operative. *See Pintando v. Miami-Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V*

---

[1] The assigned District Judge referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/20/2023 electronic reference notation).

*OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). In light of this, and in Rule 15(a)(1)'s purpose, *see* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim"),[2] the Rule 12(b)(6) motion to dismiss the initial complaint (Doc. 11) is **MOOT**, **without prejudice** to the movants' ability to raise the arguments therein in a new motion directed at the first amended complaint, if appropriate.[3] The Defendants' responses to the first amended complaint (Doc. 14) are due in accordance with Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this the **14th** day of **November 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned expresses no opinion on whether the initial or amended complaint would be subject to dismissal for any of the reasons stated in the present motion to dismiss.

[3] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (holding that magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).